

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

April 15, 1939

Honorable Pierre K. Stine
County Attorney
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-608

Re: Amount of Teacher Salary
Aid to be received from
Rural Aid Fund where the
complete enrollment of a
one-teacher standardized
school is transferred to
another school of higher
rank.

We are in receipt of your letter of April 5, 1939, wherein you advise that the entire enrollment of a certain one-teacher standardized school has been transferred by agreement to another school of higher rank. You request our opinion as to the amount of teacher salary aid which is to be received from the Rural Aid Fund under such circumstances.

Senate Bill No. 185, being the Rural Aid and Equalization Fund Appropriation Bill for the current biennium, is Chapter 474 found at page 1259 of the General and Special Laws of the 45th Legislature, Regular Session. Section 19 thereof reads as follows:

"Transfer of Entire District. On the agreement of the Board of trustees of the districts concerned or on petition signed by a majority of the qualified voters of the district and subject to the approval of the county superintendent and state superintendent, the trustees of a district which may be unable to maintain a satisfactory school may transfer its entire scholastic enrollment, or any number of grades thereof, to a convenient school of higher rank, and in such event, all of the funds of the district, including the State aid to which the district would otherwise be entitled under the provisions of this Act, or such proportionate part thereof as may be necessary may be used in carrying out said agreement."

Section 8 of said Rural Aid Law provides for a schedule of teachers' salaries to be determined by the State Superintendent of Public Instruction with the approval of the State Board of Education. It is further provided that the basic salary paid shall not be less than $85.00 per month on an eight months basis. We understand that the State Superintendent has acted in pursuance of the authority thus granted in Section 8 and has set up such a schedule. We understand that a teacher in a standardized school must have completed three years of college work if he is without experience in such a standardized school or he must have had two years of college work coupled with the experience of having taught in such school one or both of the past two years, and that a principal in a standardized school will receive $5.00 per month more than he would if he were not a principal under the schedule. Years of experience teaching in such a school also would make a difference in the salary fixed in the schedule.

Under Section 19, it is plainly provided that the amount of the State Aid transferred in such an instance as mentioned is the amount which the sending district would have been entitled to receive if it had never transferred its scholastic enrollment to the other district. Hence the conditions existing in the receiving district and the qualifications of the teachers employed by that district are immaterial for the purposes of this inquiry.

Had the sending district entered into a contract with a teacher prior to the agreement to transfer its scholastic enrollment to the other school, then the educational qualifications and experience and position of the teacher employed would furnish the pattern for the state aid to be extended. Where the sending district did not have a contract with a teacher however, no one knows and no one can know just what qualifications and experience might have been possessed by a teacher who would have been employed if the agreement to transfer the scholastic enrollment had never been made. We think, however, that it should be presumed that a teacher would have been employed who would fulfill the minimum requirements of a teacher in a standardized school. The school being a standardized one, it should not be presumed that the trustees would employ a person to teach in that school who does not possess the specifications required of a teacher in a standardized school. However, in the absence of a contract with a teacher possessing the qualifications beyond the minimum required to teach in a standardized school, we do not believe for the purposes here concerned that the presumption could be extended further than that the trustees would employ someone possessing the minimum qualifications required. Having

failed to enter into a contract with one possessing more than those qualifications, the trustees have failed to show that the school is entitled to receive aid on any other basis.

Our answer to your question, therefore, is that the State Aid to which the receiving district is entitled under the transfer is the amount which the sending district would have received had the transfer never been made, upon the basis of a teacher employed who possessed only the minimum specifications required of a teacher in such a standardized school. It should be pointed out also that under the last part of Section 19, if the whole of such amount is not necessary in carrying out the agreement of transfer, then the district would not be entitled to receive such whole amount.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N

APPROVED

ATTORNEY GENERAL OF TEXAS